# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

JAIRIE T. PIERCE, JR. (#107843)                                    PLAINTIFF

vs.                                    CIVIL ACTION NO.:  2:12cv206-NBB-DAS

SHERIFF BILL RASCO, et al.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte,* for consideration of dismissal.  Plaintiff Jairie

T. Pierce, Jr., an inmate currently incarcerated in the Alcorn County Regional Correctional

Facility, filed this lawsuit pursuant to 42 U.S.C. § 1983 seeking reversal of his State court

conviction, a new trial, and the award of damages.  Named as defendants in this action are:  Bill

Rasco, the Sheriff of DeSoto County; Keith Kite, Sergeant of the DeSoto Sheriff's Department;

Billy Jones, Detective for the DeSoto County Sheriff's Department; David Vanderburg, Public

Defender for DeSoto County; James McClure, III, Circuit Judge; John Champion, District

Attorney; David Walker, Tate County Public Defender; Billy L. Gore, Special Assistant

Attorney General; Eddie Hadskey, Tate County Circuit Clerk; Brad Lance, Sheriff of Tate

County; Luke Willis, District Attorney for DeSoto County; and Rhonda Amis, Assistant District

Attorney.  Upon liberal review of the complaint, this case will be dismissed for the following

reasons.

### Background and Plaintiff's Allegations

In August 2010, the plaintiff went to trial on a charge of burglary and grand larceny in

Tate County, Mississippi.  He was found guilty of grand larceny, but a mistrial was declared on

the charge of burglary. He was sentenced on September 20, 2010, to serve a ten (10) year term of imprisonment.

Plaintiff maintains that defendant Bill Jones, a detective with the DeSoto County Sheriff's Department, gave perjured testimony at Plaintiff's trial, and that the Tate County trial court discounted Plaintiff's allegations and refused to file perjury charges against Jones. Plaintiff also maintains that Jones tampered with the physical evidence, and that District Attorney Rhonda Amis used the perjured testimony to secure a conviction against Plaintiff. He also maintains that his trial attorney, David Walker, provided ineffective assistance at trial by failing to prepare, failing to put on a defense, and for putting his head down to rest during the course of trial.

Plaintiff maintains that while he was in the custody of the Mississippi Department of Corrections following his Tate County conviction, he was notified that he had a DeSoto County indictment pending against him for receiving stolen property. He alleges that the charge was for receiving the same property that he is serving the ten year term for taking. At some point thereafter, it was determined that the DeSoto County charge should be remanded to file. Plaintiff maintains that he protested the intended action, but that his public defender, David Vanderburg, allowed the charge to be remanded to file over Plaintiff's protests. He maintains that Vanderburg rendered ineffective assistance by failing to either go to trial or to have the charge dismissed.

Plaintiff asks the Court to order a new trial in his case, and to order DeSoto County and Tate County each to pay $150,000 in compensatory damages and $50,000 in punitive damages.

**Analysis**

Because Plaintiff is proceeding *in forma pauperis*, his complaint must be screened and dismissed without service of process if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, (3) or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2). A plaintiff's claim is properly dismissed as frivolous "whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). The Court is authorized to test Plaintiff's claims "for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

Plaintiff's complaint is liberally construed by the Court. *Haines v. Kerner*, 404 U.S. 519 (1972) (holding that allegations of pro se complaint held to less stringent standard than pleadings drafted by lawyers). Even taking into account the liberal construction afforded to Plaintiff, his complaint fails to state a claim upon which relief can be granted.

First, the Court notes that whatever charge was pending against Plaintiff in DeSoto County was, by Plaintiff's admission, remanded to file. Plaintiff was not convicted of any crime in association with the charge, nor did he suffer any prejudicial effect as a result. Plaintiff has not asserted a cognizable constitutional violation or injury, and this claim will be dismissed. *See Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (holding that no damages may be awarded in § 1983 suit absent proof of an actual injury).

Next, Plaintiff asserts that he is entitled to a new trial and the award of damages for his Tate County conviction because perjured testimony was offered at trial, and his counsel was ineffective. Plaintiff's request for a reversal of his conviction is not cognizable in this § 1983

action.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").  Additionally, his claim of damages is preluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).  There, the Court found that a plaintiff seeking

> to recover damages for allegedly unconstitutional conviction or imprisonment . . . must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S. C. § 2254.

*Heck*, 512 U.S. at 486-87.

Here, Plaintiff has not alleged, much less demonstrated, that his Tate County conviction or sentence has been reversed or otherwise meets the requirements of *Heck*.  Therefore, his claims cannot be maintained in this suit.  *See id.*  Because Plaintiff's claims and requested relief are barred by *Heck*, the complaint should be dismissed as frivolous.  *See Hamilton v. Lyons*, 74 F.3d 99 ,102 (5ᵗʰ Cir. 1996) (finding claim barred by *Heck* legally frivolous).

### Conclusion

Based on the foregoing findings, Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.  This dismissal counts as a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  Any pending motions are **DISMISSED AS MOOT**.  A final judgment consistent with this opinion and order will issue today.

**SO ORDERED** this the 10th day of December, 2012.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**